## UNITED STATES DISTRICRT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JAMIKA SMITH-CHESTER (neé) SMITH,
individually and on behalf of similarly situated
persons,                                       **Case No. 23-cv-10664**

                      Plaintiff,

      v.

KRATOCHVIL LAW, P.C. f/k/a
KRATOCHVIL & CHIMKO, P.C. f/k/a
CHIMKO & ASSOCIATES, P.C.;
BRENT M. KRATOCHVIL;
RPM AUTO SALES, INC.;
54A JUDICIAL DISTRICT COURT, in its
official capacity and on behalf of a Defendant class
of JUDICIAL DISTRICT COURTS,

          Defendants.

## COMPLAINT- CLASS ACTION

## INTRODUCTION

1.    Smartmatic and Dominion were founded by foreign oligarchs and dictators to ensure computerized ballot-stuffing and vote manipulation to whatever level was needed to make certain Venezuelan dictator Hugo Chavez never lost another election, to wit, sometime after the 2016 election, software was installed that programmed tabulating machines to shift a percentage of absentee ballot votes from President Trump to Joe Biden, and as result, the State of Michigan, failed to administer the November 3, 2020 election in compliance with the manner prescribed by the Michigan Legislature in the Michigan Election Code, MCL 168.730-738,

therefore entitling the imaginary plaintiff to the principal amount of $13,410.96 for the willful and intentional conversion of their vote for President Trump.

2.    In courts where the judge, or their judicial attorney / law clerk (an attorney admitted to the bar), in fact read the imaginary plaintiff's complaint set forth in paragraph 1 above, which cobbles together facts alleged in *King v. Whitmer*, 556 F. Supp. 3d 680, 690, 694 (E.D. Mich. 2021), and the prayer for relief in Count II of *RPM Auto Sales Inc v Jamika Smith,* 22-00602-GCB, p. 2 (54A Dist. Ct.) (Appendix 1), adding a conversion of an imaginary vote that was not cast by the imaginary plaintiff, there should be no dispute that no default judgment would be entered by the court in the imaginary plaintiff's favor for the sum certain of $13,410.96 or any amount.

3.    However, when the JUDICIAL DISTRICT COURTS do not follow the Michigan Court Rules, an attorney cheats the honor system, and the financially distressed defendant does not appear to defend, the clerk of the JUDICIAL DISTRICT COURTS will administratively sign the SCAO form MC07a simultaneously entering a default and a judgment in the plaintiff's favor on frivolous claims without regard to the merits of the underlying complaint.

4.    Such was the case in *RPM Auto Sales Inc v Jamika Smith,* 22-00602-GCB (54A Dist. Ct.), where the clerk of the court simultaneously entered a default and a default judgment, using the SCAO form MC07a, in RPM's favor for three

times the amount of monies left unpaid on the retail installment contract, on RPM's Count II, that JAMIKA SMITH-CHESTER statutorily converted her own automobile, an automobile the State of Michigan placed her name on the title. (Appendix 1, 2, 3).

5.      "[A]ttorneys take an oath to uphold and honor our legal system. The sanctity of both the courtroom and the litigation process are preserved only when attorneys adhere to this oath and follow the rules" and "[a]ttorneys also have an obligation to dismiss a lawsuit when it becomes clear that the requested relief is unavailable." *King*, 556 F. Supp. 3d at 688-89.

6.      The underpinnings of this lawsuit involve an attorney and his law firm not upholding their oath, not honoring the legal system, and knowingly cheating an overburdened state district court judicial system, to fraudulently obtain default judgments for treble damages against the owner of an automobile for the legally impossible act of knowingly converting their own automobile.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. §1692k(d) (FDCPA), 28 U.S.C. § 1367(a) (supplemental jurisdiction) (*c.f. Thompke v. Fabrizio & Brook, P.C.,* 2017 U.S. Dist. LEXIS 128359 * 25 (E.D. Mich. Aug 14, 2017)) (*citing Glazer v. Chase Home Fin. LLC,* 704 F.3d 453, 463 (6th Cir. 2013)).

8.     This case involves a monetary injury to JAMIKA SMITH-CHESTER and either a monetary injury or the future harm of a monetary injury to the putative class members, proximately caused by the conduct complaint of.

9.     JAMIKA SMITH-CHESTER's and the putative class members' claims under 15 U.S.C. §§ 1692f, f(1), 15 U.S.C. 1692e(2)(A), e(5), e(10), attempting to collect more monies that what is legally allowed by law by alleging a frivolous statutory conversion claim claiming a conversion of an automobile the debtor owns, bears a sufficiently close relationship to the common law "unjustifiable-litigation torts" including the tort of malicious prosecution. *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 691 (8th Cir. 2017); *see also Nettles v. Midland Funding LLC*, 530 F. Supp. 3d 706, 712 (E.D. Mich. 2021).

10.    JAMIKA SMITH-CHESTER claims for common law fraud, fraud upon the court, and under the Regulation of Collection Practices Act do not present a novel question of state law and are so intertwined with and arise out of the same common nucleus of operative facts as the claims asserted under 15 U.S.C. §§ 1692f, f(1), 15 U.S.C. 1692e(2)(A), e(5), e(10).

11.    KRATOCHVIL LAW P.C.'s principal place of business listed with the State of Michigan is 2567 Metropolitan Parkway, Suite 100, Sterling Heights, MI, 48310, which is within the District.

12.     BRENT M. KRATOCHVIL's does business within the District, using the address 2567 Metropolitan Parkway, Suite 100, Sterling Heights, MI, 48310.

13.     RPM AUTO SALES, INC., does business at 4083 N. Dort HWY, Flint, MI, 48506, which is within the District.

14.     JAMIKA SMITH-CHESTER resides in within the District, in the County of Wayne, and was served with the summons and complaint in the state court matter while residing in the County of Wayne.

15.     The claims against the JUDICIAL DISTRICT COURTS are plead herein so not to run afoul against the prohibition of claims splitting. *See Wilkins v. Jakeway*, 183 F.3d 528, 535 (6th Cir. 1999) (citations omitted) ("by bringing two different suits which present two different theories of the case arising from the same factual situation, counsel has engaged in the precise behavior the doctrine res judicata seeks to discourage. This type of duplicity should be avoided at all costs."); *see also Ellis v. Gallatin Steel Co*., 390 F.3d 461, 479 (6th Cir. 2004) (citing See Restatement of Judgments (Second) § 24 (1982)) ("a plaintiff must join all claims arising from the same set of facts in a single proceeding and cannot split them across multiple fora."); Mich. Ct. R. 2.205(A); *see also Mason Cty v Dep't of Cmty' Health*, 293 Mich App 462, 489, 820 NW2d 192, 207 (2011) (quoting Mich. Ct. R. 2.205(A); citing *Gordon Food Serv, Inc v Grand Rapids Material Handling Co*, 183 Mich App 241, 243; 454 NW2d 137 (1989)).

16.     Pursuant to Fed. R. Civ. P. 21, the claim for superintending control against the JUDICIAL DISTRICT COURTS should be severed and dismissed without prejudice for a lack of jurisdiction, so that it may be refiled in the Supreme Court of Michigan, see Mich. Const. Art. VI, § 4, as this Court in this case, lacks jurisdiction to issue a writ of superintending control over the JUDICIAL DISTRICT COURTS and cannot vacate the default judgments obtained by KRATOCHVIL on behalf of RPM and perhaps other car dealership clients in state court. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923)*; see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

## PARTIES

17.     JAMIKA SMITH is a natural person residing in the County of Wayne.

18.     JAMIKA SMITH is a "debtor" in regard to the "debt" alleged to be owed in *RPM Auto Sales Inc. v. Jamika Smith,* 22-00602-GCB (54A Judicial Dist. Mich.), a lawsuit arising out of the July 3, 2019, purchase of 2008 Dodge Nitro, used for personal, household and family use. (Appendix 1).

19.     JAMIKA SMITH is a "consumer" as that term is used in 15 USC 1692a(3) as she is "any natural person . . . allegedly obligated to pay any debt."

20.     BRENT M. KRATOCHVIL is an attorney licensed to practice law in the State of Michigan, admitted on March 29, 2012, P75845, listing his primary

address as PO Box 4570, Troy, MI 48099-4570, phone (248) 284-1611, fax (248) 284-1686, email brent@kratochvillaw.com.

21.     KRATOCHVIL LAW P.C. principal place of business listed with the State of Michigan is 2567 Metropolitan Parkway, Suite 100, Sterling Heights, MI, 48310, and service upon it can be made on its registered agent, BRENT M. KRATOCHVIL, at PO BOX 4570, Troy, MI 48099.

22.     The State Bar of Michigan, Find Legal Assistance, Advanced Search, Firm Name, results indicate that BRENT M. KRATOCHVIL is the only attorney at KRATOCHVIL LAW P.C.  *See https://sbm.reliaguide.com/home*.

23.     KRATOCHVIL LAW P.C. and BRENT M. KRATOCHVIL, (collectively KRATOCHVIL") each are a "debt collector" as that term is used in 15 U.S.C. § 1692a(6), as each "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6) (emphasis added).

24.     KRATOCHVIL attempted to collect a "debt" as that term is used in 15 U.S.C. § 1692a(5) as it is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family,

or household purposes", here a "MOTOR VEHICLE RETAIL INSTALLMENT SALES CONTRACT" relating to a 2008 Dodge Nitro. (Appendix 1).

25.     Attempting to collect debts by KRATOCHVIL is not incidental to their business, but it goes to a core activity.

26.     Debt collection appears to be all that KRATOCHVIL does:



https://www.kratochvillaw.com/ (visited March. 16, 2023).

27.     KRATOCHVIL LAW P.C., a law firm, and KRATOCHVIL an attorney, each are subject to the Regulation of Collection Practices Act as to their conduct alleged herein. *Carpenter v. Monroe Fin. Recovery Group, LLC,* 199 F. Supp. 630 (E.D. Mich. 2015) (*quoting* MCL 445.251(g)) and (*quoting Newman v. Trott & Trott, P.C.,* 889 F. Supp. 2d 948, 966-67 (E.D. Mich. 2012)); *see also Misleh v. Timothy E. Baxter & Assocs.,* 786 F. Supp. 2d 1330, 1337 (E.D. Mich. 2011) (citations omitted).

28.     KRATOCHVIL represents used car dealerships, including Defendant RPM AUTO SALES INC. ("RPM"), and other such as Mike's Used Cars, Clean Cars Finance Co Inc., and Spooner Sales Inc., filling debt collection lawsuits in the majority of the JUDICIAL DISTRICT COURTS.

29.      RPM is a domestic profit corporation, its registered agent and President is Guy Parsons, 4083 N. Dort HWY., Flint, MI 48506.

30.     The 54A District Court, individually and on behalf of a Defendant class of JUDICIAL DISTRICT COURTS are part of the Judicial Branch of the State of Michigan.  See The Constitution of the State of Michigan 1963, art. 6.

## FACTS

31.     RPM is a used car dealership that also self-finances retail installment contracts with at an annual rate of interest over 24%.  See (Appendix 1).

32.     On July 3, 2019, JAMIKA SMITH-CHESTER entered into a retail installment contract with RPM for the purchase of 2008 Dodge Nitro. (Appendix 1).

33.     The State of Michigan placed the title to the 2008 Dodge Nitro in JAMIKA SMITH-CHESTER's name.  (Appendix 3).

34.     RPM knows that the State of Michigan presented JAMIKA SMITH-CHESTER a CERTIFICATE OF TITLE to the vehicle, as RPM AUTO SALES INC is the "First Secured Party". (Appendix 3).

35.     KRATOCHVIL knows that when an automobile is sold in Michigan, title to the automobile is transferred to the buyer as the new owner.

36.     The 2008 Dodge Nitro purchased by JAMIKA SMITH-CHESTER subsequently stopped working, and while was parked was hit by another vehicle.

37.     JAMIKA SMITH-CHESTER informed RPM of this and provided the location of the vehicle.

38.     RPM choose not to pick up the vehicle and the retail installment contract indicates that RPM had placed a GPS tracking device in the vehicle. (Appendix 1).

39.     JAMIKA SMITH-CHESTER, being financially distressed and in need of another vehicle, did not make further payments under the retail installment contract she had with RPM.

40.     KRATOCHVIL on behalf of RPM filed suit against JAMIKA SMITH-CHESTER in Lansing, Michigan, (Appendix 1), even though KRATOCHVIL knew that JAMIKA SMITH-CHESTER was living in Detroit, Michigan, and caused JAMIKA SMITH-CHESTER to be served with the summons and complaint in Detroit, Michigan.

41.     KRATOCHVIL, using a form template complaint, in addition to a run of the mill breach of contract claim, plead COUNT II CONVERSTION OF COLLATERAL, a count KRATOCHVIL only pleads when their client informs

them the debtor's automobile was not repossessed, and used that claim in Count II to triple the amount of contractual damages alleged. *RPM Auto Sales Inc v Jamika Smith,* 22-00602-GCB (54A Dist. Ct.) (Appendix 1, Complt. Count II ¶¶ 17-18, Prayer for Relief) ("[RPM AUTO SALES INC] has been damaged in the amount of $4,470.32, as [RPM AUTO SALES INC] has not been paid for the vehicle provided to [JAMIKA SMITH-CHESTER]", "According to M.C.L. 600.2919(a) [RPM AUTO SALES INC] is entitled to treble damages in cases involving conversion" "WHEREFORE, [RPM AUTO SALES INC] ask the Court to enter Judgment . . . of $13,410.96for the willful and intentional conversion of the subject vehicle[.]"; (Exhibit B) ("The claim against the defaulted party is for a sum certain or for a sum, which by computation can be made certain, I request judgment for: Damages: $13410.96[.]")

42.     KRATOCHVIL pleading "COUNT II CONVERSTION OF COLLATERAL" is no accident, as when the debtor's automobile is repossessed, KRATOCHVIL use a different form template complaint titled, "COMPLAINT FOR BREACH OF CONTRACT AFTER COMERCIALLY REASONABLE SALE" alleging only a breach of contract claim. *E.g. RPM Auto Sales Inc. v. Aaleya Shontell Perez-Wardlaw,* 22-00211-GCF (54A Judicial Dist. Mich.) (Appendix 4).

43.     RPM communicates with KRATOCHVIL to file suit against a debtor whether the automobile has been repossessed from the debtor or not.

44. JAMIKA SMITH-CHESTER initially obtained counsel, who did not file an appearance with the Court, but who indicated to KRATOCHVIL his representation of JAMIKA SMITH-CHESTER.

45. JAMIKA SMITH-CHESTER did not have the monies that the attorney requested for payment for his representation and she did not have the money to pay for the outstanding amount of the retail installment contract.

46. KRATOCHVIL subsequently submitted to the clerk of the clerk SCAO MC 07(a) with all of the monetary numbers of filled in, and the clerk of the court signed her name and dated it, thereby entering a default and default judgment awarding RPM treble damages on Count II, its statutory conversion claim alleging JAMIKA SMITH-CHESTER converted her own automobile. (Appendix 2).

47. JAMIKA SMITH-CHESTER lot in life later improved, including being able to obtain a better paying job, to wit KRATOCHVIL issued a garnishment to that new employer.

48. JAMIKA SMITH-CHESTER obtained another counsel regarding the writ of garnishment, who was able to set aside the default judgment and have entered a payment agreement for only the amounts owing on the retail installment contract.

49. KRATOCHVIL knows that the majority of the cases they file will result in a default judgement.

50.     KRATOCHVIL purposefully filing cases for their used car dealership clients in MICHIGAN JUDICIAL DISTRICT COURTS in order to be able to submit to the Clerk of the Court the Approved SCAO MC 07(a) last revised (6/19) DEFAULT REQUEST, ENTRY, AND JUDGMENT (SUM CERTAIN), and evade any judicial review of the Circuit Courts.

51.     KRATOCHVIL will knowingly avoid exceeding the MICHIGAN JUDICIAL DISTRICT COURTS' $25,000 jurisdictional celling and will alter the math of the damages alleged in the complaint, not trebling the amount if it were to exceed $25,000.  *E.g. RPM Auto Sales Inc v Sarah Marie Moist,* 22-00605-GCF (54A Dist. Ct.) (Appendix 5).

52.     Due to the JUDICIAL DISTRICT COURTS' systematic failure to follow MCR. 2.116(I)(1) to read and dismiss with prejudice, KRATOCHVIL'S "COUNT II CONVERSTION OF COLLATERAL", which trebles the amount of the alleged breach of contract damages, alleging a conversion of a used automobile that was sold to a buyer pursuant to a retail installment contract, *see e.g.* (Appendix 1), and the clerks of the JUDICIAL DISTRICT COURTS systematic failure to use their discretion, provided to them under MCR 2.603(B)(2), to determine whether to enter a default judgment when a defendant does not appear to challenge the frivolous statutory conversion claim, the clerks of the JUDICIAL DISTRICT COURTS systematically administratively sign the SCAO form MC07a presented in three

places, add the date, thereby contemporaneously granting both a default and a default judgment in the amount KRATOCHVIL filled in the form SCAO MC07a. *See e.g.* (Appendix 2).

53. KRATOCHVIL has obtained default judgments on behalf of RPM in the following MICHIGAN JUDICIAL DISTRICT COURTS:

     a. 2A District Court – Adrian;

     b. 2B District Court – Hillsdale;

     c. 4th District Court – Cassopolis;

     d. 7th District Court – Paw Paw;

     e. 8th District Court – Kalamazoo;

     f. 10th District Court – Battle Creek;

     g. 12th District Court – Jackson;

     h. 14A District Court – Ann Arbor;

     i. 14B District Court – Ypsilanti;

     j. 15th District Court – Ann Arbor;

     k. 17th District Court – Redford;

     l. 22nd District Court – Inkster;

     m. 23rd District Court – Taylor;

     n. 25th District Court – Ecorse, Lincoln Park and River Rouge;

     o. 29th District Court – Wayne;

p.   30th District Court – Highland Park;

q.   31st District Court – Hamtramck;

r.   32A District Court – Harper Woods;

s.   34th District Court – Romulus;

t.   36th District Court – Detroit;

u.   37th District Court – Warren;

v.   38th District Court – Eastpoint;

w.  41A District Court – Sterling Heights;

x.   41B District Court – Clinton Township;

y.   46th District Court – Southfield;

z.   47th District Court – Farmington Hills;

aa. 50th District Court – Pontiac;

bb. 51st District Court – Waterford;

cc. 52nd District Court – Division 1 – Novi;

dd. 52nd District Court – Division 2 – Clarkston;

ee. 52nd District Court – Division 3 – Rochester Hills;

ff.  53rd District Court – Howell;

gg. 54A District Court – Lansing;

hh. 54B District Court – East Lansing;

ii.  55th District Court – Mason;

jj.  56A District Court – Charlotte;

kk. 56B District Court – Hastings;

ll.  57th District Court – Allegan;

mm.   60th District Court – Muskegon;

nn. 63rd District Court – Kent County, except cities of Grand Rapids,

Walker, Grandville, Wyoming and Kentwood;

oo. 64A District Court – Ionia;

pp. 64B District Court – Stanton;

qq. 65B District Court – Gratiot County;

rr. 67th District Court – 2 Division – Burton;

ss.  67th District Court – 3 Division – Mt. Morris;

tt.  67th District Court – 5 Division – Flint;

uu. 71-A District Court – Lapeer;

vv. 73rd District Court – Sanilac;

ww.   75th District Court – Midland;

xx. 76th District Court – Mt. Pleasant;

yy. 79th District Court – Oceana – Hart;

zz. 80th District Court – Clare – Harrison;

aaa.   80th District Court – Gladwin;

bbb.   88th District Court – Montmorency – Atlanta;

ccc.  88-1 District Court – Alpena; and

ddd.  90th District Court – Emmet – Petoskey.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

54.  Paragraphs 1-53ddd are incorporated herein.

55.  Count I is brought against Defendants KRATOCHVIL only.

56.  As a matter of law "COUNT II CONVERSTION OF COLLATERAL" on its face is frivolous, as by operation of law, **title** of the **sold** automobile is placed by the State of Michigan in the name of the **buyer as the "owner"**. *See e.g.* (Appendix 3); *see also* MCL 257.37(b), (c) (an "owner" includes "[a] person who has the immediate right of possession of a vehicle under an installment sale contract"), *see also Sutton v. Williams*, No. 320090, 2015 Mich. App. LEXIS 1288, at *3 (Ct. App. June 18, 2015) (unpublished) lv den No. 152315, 2016 Mich. LEXIS 374 (Mar. 8, 2016) (a case involving RPM); *Foremost Ins. Co. v. Allstate Ins. Co.*, 439 Mich. 378, 391; 486 NW2d 600, 606 (1992) (*quoting Foremost Ins. Co. v. Allstate Ins. Co.*, 185 Mich App 119, 122; 460 NW2d 242, 244 (Mich 1990)) ("'a person can[not] 'convert' his own property[.]'"); *see also Bank of the Ozarks v. Perfect Health Skin & Body Ctr. PLLC,* No. 1:18-cv-11870-TLL-PTM, 2019 U.S. Dist. LEXIS 125104, at *8 (E.D. Mich. July 26, 2019) ("[one] cannot convert its own property."); *Id.* at * 9 (*citing Platte Valley Bank v. Tetra Fin. Grp., LLC*, 682 F.3d 1078 (8th Cir. 2012) ("[t]he debtor's act of interference with a secured party's

rights in the collateral does not constitute conversion of property that the debtor owns.")

57.     As a matter of law, "[t]he debtor's act of interference with a secured party's rights in the collateral does not constitute conversion of property that the debtor owns." *Bank of the Ozarks,* 2019 U.S. Dist. LEXIS 125104, at *9 (*citing Platte Valley Bank v. Tetra Fin. Grp., LLC*, 682 F.3d 1078 (8th Cir. 2012)).

58.     As a matter of law, "COUNT II CONVERSTION OF COLLATERAL" on its face is frivolous given KRATOCHVIL also pleads, "COUNT I BREACH OF CONTRACT", and as a matter of law a plaintiff may not seek a statutory conversion claim when there is an enforceable contract that serves as the underlying basis for the claim of monies. *See e.g. Sherman v. Sea Ray Boats*, 251 Mich. App. 41, 52, 649 N.W.2d 783, 789 (Mich. App. 2002); *J.L. Lewis & Assocs. v. Magna Mirrors of Am., Inc.*, No. 347057, 2020 Mich. App. LEXIS 3024, at *5 (Ct. App. Apr. 23, 2020) (unpublished); *Chopra v. Physicians Med. Ctr., LLC*, No. 16-13915, 2017 U.S. Dist. LEXIS 92138, at *20-22 (E.D. Mich. June 15, 2017); *Lansing Ice & Fuel Co v Smith*, No. 328648, 2017 Mich. App. LEXIS 571, at *8 (Ct. App. Apr. 11, 2017) (*citing Lawsuit Fin, LLC v Curry*, 261 Mich App 579, 591; 683 NW2d 233 (2004)); *Dicastal N. Am., Inc. v. Markowitz Metals Grp., LLC*, No. 1:20-cv-166, __ F.Supp.3d __, 2022 U.S. Dist. LEXIS 205762, at *45 (W.D. Mich. Sep. 30, 2022); *Rib Roof Metal Sys. v. Nat'l Storage Ctrs. of Redford, Inc.*, No. 07-CV-13731, 2008

U.S. Dist. LEXIS 66894, at *38 (E.D. Mich. Aug. 29, 2008) ("In other words, the UCC's holder in due course doctrine is commensurate with the common law principal that a bona fide purchaser cannot be liable for conversion.")

59.     As a matter of law, "COUNT II CONVERSTION OF COLLATERAL" on its face is knowingly frivolous, misstating Michigan's statutory conversion stature as "M.C.L. 600.2919(a)" (sic), that "According to M.C.L. 600.2919(a) (sic) Plaintiff is entitled to treble damages in cases involving conversion", (Appendix 1, p. 2), as KRATOCHVIL attaches a Motor Vehicle Retail Installment Sales Contract showing the subject automobile being sold to the state court defendant, (Id. at Ex. A), and further does not allege any of the elements required by the Michigan's Statutory Conversion Act, MCL 600.2919a, or even identifies which subsection, (a) or (b), the claim for statutory conversion is being brought under.

60.     KRATOCHVIL's act of filing such form complaints on behalf of at least RPM in the JUDICIAL DISTRICT COURTS that contain a "COUNT II CONVERSTION OF COLLATERAL" violates 15 U.S.C. §§ 1692f, f(1), 15 U.S.C. 1692e(2)(A), e(5), e(10).

61.     JAMIKA SMITH-CHESTER has suffered actual damages from KRATOCHVIL's conduct.

62.     Putative class members have suffered actual damage from KRATOCHVIL's conduct.

63. The putative class is defined as all persons whom KRATOCHVIL on or after March 22, 2022, filed a complaint in the form of Appendix 1 in a JUDICAL DISTRICT COURT, on behalf of RPM, or any other car dealership, that contained a "COUNT II CONVERSTION OF COLLATERAL".

64. Discovery will determine whether there is numerosity sufficient to certify a class, but a small sample from the 54A District Court, with three of the six cases obtained that were filed by KRATOCHVIL in the name of RPM as the plaintiff, contained a "COUNT II CONVERSTION OF COLLATERAL" and treble damages being entered by the clerk of that claim, as such numerosity appears to exist. (Appendix 6, 7, 8).

65. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members, being whether KRATOCHVIL filing a "COUNT II CONVERSTION OF COLLATERAL" on behalf of his used car clients violates 15 U.S.C. §§ 1692f, f(1), 15 U.S.C. 1692e(2)(A), e(5), or e(10).

66. JAMIKA SMITH-CHESTER will fairly and adequately protect the interests of the class she seeks to have certified, her claims under the FDCPA are common and typical to the class defined herein.

67. JAMIKA SMITH-CHESTER has retained experienced class counsel, including retaining, Curtis C. Warner, who has handled class actions brought under

the FDCPA and other consumer statutes, obtaining settlements deemed by courts to be fair, reasonable and adequate. *Schafer v. Allied Interstate LLC, et. al.,* 17-cv-233 (W.D. Mich. July 1, 2021) (FDCPA); *Soto et. al. v. Great America LLC,* 17 CH 1118 (19th Judicial Circuit Court, Lake County, Illinois, June 18, 2021) (FCRA – Receipt); *Sowles v. Weltman, Weinberg & Reis Co., LPA,* 19-cv-10254 (E.D. Mich. Oct. 23, 2020) (FDCPA); *Pilaraski v. Rent Recover of Better NOI LLC,* 17-cv-8659 (N.D. Ill. Sept. 25, 2019) (FDCPA); *Loveday v. Financial Asset Management Systems, Inc.,* 18-cv-10218 (E.D. Mich. May 24, 2019) (FDCPA); *Dilallo et al. v. Miller and Steeno, P.C., et al.,* 16 C 51 (N.D. Ill. Mar. 16, 2018) (FDCPA); *Patel v. AT&T Services, Inc.*, 15 C 8174 (N.D. Ill. Sept. 20, 2017) (TCPA – Autodialer); *Florence Mussat, M.D., S.C. v. E.S. Medical Supplies and Equipment Inc.,* 16 C 1240 (N.D. Ill. Sept. 13, 2017) (TCPA – Junk Fax); *Tsang v. Zara USA, Inc.*, 15-cv-11160 (N.D. Ill. Nov. 2, 2016) (FCRA – Receipt); *Vasquez v. Zara USA, Inc.,* 15 C 3433 (N.D. Ill. March 8, 2016) (FCRA – Receipt); *Florence Mussat, M.D., S.C. v. Insurance Group of America Holdings, LLC.*, 13 C 7798 (N.D. Ill. May 7, 2015) (TCPA – Junk Fax); *Krishnan et al. v. Autovest LLC*, 13 C 8654 (N.D. Ill. Mar. 27, 2015) (FDCPA); *Paci v. Elmhurst Auto Werks, LTD,* 14 C 1158 (N.D. Ill. Feb. 2, 2015) (FCRA – Receipt); *Pursak v. Lumber Liquidators, Inc.,* 12 C 6984 (N.D. Ill Nov. 17, 2014) (FCRA – Receipt); *Florence Mussat M.D., S.C. v. Betterdoctor, Inc.*, 13 C 8377 (N.D. Ill. July 10, 2014) (TCPA Junk Fax); *Sanders*

*et. al. v. W&W Wholesale, Inc.*, 11 C 3557 (N.D. Ill. Apr. 11, 2014) (FCRA – Receipt); *Bargains in a Box, Inc.*, 13 C 3964 (N.D. Ill. Mar. 27, 2014) (FCRA – Receipt); *Florence Mussat M.D., S.C. v. Global Healthcare Resource, LLC,* 11 C 7035 (N.D. Ill. Nov. 1, 2013) (TCPA Junk Fax); *Tang v. Medical Recovery Specialists Inc.*, 11 C 2109 (N.D. Ill) (FDCPA); *Tang v. Pita Inn Inc*, 11 C 3833 (N.D. Ill. May 2, 2012) (FCRA – Receipt); *Balbarin v. North Star Acquisition,* LLC, 10 C 1846 (N.D. Ill. Apr. 12, 2012) (TCPA Autodialer); *O'Hara v. Medieval Times USA, Inc.*, 3:10-cv-751 (D. N.J. Mar. 6, 2012) (FCRA – Receipt); *Todd v. HB Windows and Doors*, *Inc.*, 10 C 4986 (N.D. Ill. Aug. 18, 2011) (FCRA – Receipt); *Seppanen v. Krist Oil Co.*, 2:09-cv-195 (W.D. Mich. Aug. 9, 2011) (FCRA – Receipt); *Vallejo v. National Credit Adjusters,* LLC, 10-cv-103 (N.D. Ind. Nov. 3, 2010) (FDCPA); *Mitchem v. Northstar Location Services,* LLC, 09 C 6711, (N.D. Ill. May 13, 2010) (FDCPA); *Housenkamp v. Weltman, Weinberg & Reis, Co. of Michigan*, Case No. 1:09-cv-10613-TLL-CEB (E.D. Mich. May 11, 2010) (FDCPA); *Kern v. LVNV Funding, Inc.*, 09 C 2202, (N.D. Ill. Jan. 21, 2010) (FDCPA); *Prieto et al. v. HBLC, Inc. and Steven J. Fink & Assoc., P.C.*, 08 C 2817 (N.D. Ill. Dec. 15, 2008) (FDCPA); *Dobson v. Asset Acceptance LLC*, 07 C 6203, (assigned as related to 07 C 5967) (N.D. Ill. 2008) (FDCPA); *Horton v. IQ Telecom*, 07 C 2478 (N.D. Ill. May 5, 2008) (FDCPA).

68.     Whether KRATOCHVIL filing a "COUNT II CONVERSTION OF COLLATERAL" on behalf of his used car clients violates 15 U.S.C. §§ 1692f, f(1), 15 U.S.C. 1692e(2)(A), e(5), or e(10) predominates over any other issues.

69.     A class action is an appropriate method for the fair and efficient adjudication of this controversy more than likely none of the class members know that their rights are being violated by KRATOCHVIL.

**WHEREFORE,** JAMIKA SMITH-CHESTER requests this Honorable court to enter judgment against KRATOCHVIL on Count I as follows:

A. An award of actual damages under 15 U.S.C. § 1692k(a)(1) and 15 U.S.C. § 1692k(a)(2)(B);

B. An award of statutory damages under 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(2)(B);

C. Reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3);

D. To certify the proposed class in Count I, including with any modifications deemed appropriate by the Court;

E. Appoint JAMIKA SMITH-CHESTER as the class representative;

F. Appoint Mr. Warner and Mr. Evanchek as counsel for the certified class;

G. And award JAMIKA SMITH-CHESTER a reasonable incentive award for serving as the class representative.

**COUNT II**
**REGULATION OF COLLECTION PRACTICES ACT**

70. Paragraphs 1-53ddd and 56-59 are incorporated herein.

71. Count II is brought against Defendants KRATOCHVIL only.

72. KRATOCHVIL's act of filing form complaints on behalf of, at least, RPM in the JUDICIAL DISTRICT COURTS that contain a "COUNT II CONVERSTION OF COLLATERAL" violated MCL 445.252(a) by communicating in a misleading or deceptive manner.

73. KRATOCHVIL's act of filing form complaints on behalf of, at least, RPM in the JUDICIAL DISTRICT COURTS that contain a "COUNT II CONVERSTION OF COLLATERAL" violated MCL 445.252(e) making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

74. KRATOCHVIL's act of filing form complaints on behalf of, at least, RPM in the JUDICIAL DISTRICT COURTS that contain a "COUNT II CONVERSTION OF COLLATERAL" violated MCL 445.252(f)(ii) misrepresenting the legal rights of the creditor.

75. KRATOCHVIL willfully violated MCL 445.252(a).

76. KRATOCHVIL willfully violated MCL 445.252(e).

77.    KRATOCHVIL willfully violated MCL 445.252(f)(ii).

78.    JAMIKA SMITH-CHESTER has suffered actual damages from KRATOCHVIL's conduct.

79.    Putative class members have suffered actual damage from KRATOCHVIL's conduct.

80.    The putative class is defined as all persons whom KRATOCHVIL on or after March 22, 2017, filed a complaint in the form of Appendix 1 in a JUDICIAL DISTRCIT COURT, on behalf of RPM, or any other car dealership, that contained a "COUNT II CONVERSTION OF COLLATERAL"

81.    On information and belief there are more than 40 persons in the putative class definition in the above paragraph.

82.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members, being whether KRATOCHVIL filing a "COUNT II CONVERSTION OF COLLATERAL" on behalf of his used car clients violates 445.252(a), (e) and (f)(ii).

83.    JAMIKA SMITH-CHESTER will fairly and adequately protect the interests of the class she seeks to have certified, her claims under the RCPA are common and typical to the class defined herein.

84.    JAMIKA SMITH-CHESTER has retained experienced class counsel, including retaining, Curtis C. Warner.

85. Whether KRATOCHVIL filing a "COUNT II CONVERSTION OF COLLATERAL" on behalf of his used car clients violates 445.252(a), (e) and (f)(ii) and whether those violations were willful predominates over any other issues.

86. A class action is an appropriate method for the fair and efficient adjudication of this controversy more than likely none of the class members know that their rights are being violated by KRATOCHVIL.

**WHEREFORE,** JAMIKA SMITH-CHESTER requests this Honorable court to enter judgment against KRATOCHVIL on Count II as follows:

A. Actual damages, or $50, whichever is greater, trebled if a finding of willfulness is made, along with reasonable attorney's fees and court costs incurred in connection with the action pursuant to MCL 445.257(1), (2);

B. To certify the proposed class in Count II, including with any modifications deemed appropriate by the Court;

C. Appoint JAMIKA SMITH-CHESTER as the class representative;

D. Appoint Mr. Warner and Mr. Evanchek as counsel for the certified class;

E. And award JAMIKA SMITH-CHESTER a reasonable incentive award for serving as the class representative.

## COUNT III
## FRUAD / FRAUD UPON THE COURT

87.     Paragraphs 1-53ddd and 56-59 are incorporated herein.

88.     Count III is brought against Defendants KRATOCHVIL and RPM only.

89.     In Michigan, the elements for fraud are: (1) that the charged party made a material representation; (2) that it was false; (3) that when he or she made it he or she knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he or she made it with the intention that it should be acted upon by the other party; (5) that the other party acted in reliance upon it; and (6) that the other party thereby suffered injury.   *City of Novi v Robert Adell Children's Funded Trust*, 473 Mich. 242, 254 n. 8; 701 N.W.2d 144 (Mich. 2005).

90.     "A fraud is perpetrated on the court when some material fact is concealed from the court or some material misrepresentation is made to the court." *Matley v Matley (On Remand)*, 242 Mich App 100, 101; 617 NW2d 718 (2000) (quotations marks and citation omitted).

91.     KRATOCHVIL, with the knowledge and consent of RPM, filing a "COUNT II CONVERSTION OF COLLATERAL" amounts to fraud and fraud upon the Court as an owner of an automobile cannot as a matter of law convert the automobile they own.

92.     To perfect the fraud upon the court, with the knowledge and consent of RPM, and KRATOCHVIL knowing that the JUDICIAL DISTRICT COURTS clerks will ministerially sign and date both the DEFAULT ENTRY, DEFAULT JUDGMENT, thereby KRATOCHVIL on behalf of RPM have obtained default judgments in the JUDICIAL DISTRICT COURTS against JAMIKA SMITH-CHESTER and the putative class members on "COUNT II CONVERSTION OF COLLATERAL" thereby trebling the amount of damages.

93.     On information and belief, when RPM AUTO SALES INC repossess an automobile, it will "buy" it at what it describes is a "private sale", for below market value and then put it back on its lot to sell to another financially distressed consumer for an inflated price, *see* (Appendix 4) (2011 GMC Terrain bought by consumer on January 21, 2021 for a principal amount of "$9,988", was "sold" at an undisclosed "private sale" on November 29, 2021, for "$500[1]"; *see also Sutton*, No. 320090, 2015 Mich. App. LEXIS 1288, at *1 ("Defendant RPM Auto Sales, Inc., sold a vehicle to defendant Nichole Garrett. It later repossessed the vehicle, but Garrett did not turn in the certificate of title and RPM did not apply for a new

---

[1] It would appear that RPM has a policy, practice and procedure of not selling the reposed vehicle at a commercially reasonable sale, but instead providing a small credit and then places the vehicle back on its own lots to resell to another financially distressed consumer. *See* ¶ 90. However, that is a case for another day.

certificate of title. RPM sold the vehicle to defendant Shannon Williams in September 2011").

94.    Therefore, based on information and belief, when the automobile is not repossessed, RPM, through its attorney-agent KRATOCHVIL, attempts to recoup RPM's perceived loses by adding on the untenable "COUNT II CONVERSTION OF COLLATERAL", knowing that the majority of financially distressed consumers will not answer the complaint and a default will be ministerially entered by the JUDICIAL DISTRICT COURTS' clerks.

95.    JAMIKA SMITH-CHESTER has suffered actual damages from KRATOCHVIL's conduct.

96.    Putative class members have suffered actual damage from KRATOCHVIL's conduct.

97.    Equity demands the disgorgement of monies from RPM in any amount obtained by KRATOCHVIL in relation to COUNT II CONVERSTION OF COLLATERAL" including all pre and post judgment interest.

98.    The putative class is defined as all persons whom KRATOCHVIL on or after March 22, 2017, filed a complaint in the form of Appendix 1 in a JUDICIAL DISTRCIT COURT, on behalf of RPM, that contained a "COUNT II CONVERSTION OF COLLATERAL" and the JUDICIAL DISTRCIT COURT entered a default judgment in favor of RPM.

99. On information and belief there are more than 40 persons in the putative class definition in the above paragraph.

100. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members, being whether KRATOCHVIL filing a "COUNT II CONVERSTION OF COLLATERAL" amounts to fraud, fraud upon the court.

101. JAMIKA SMITH-CHESTER will fairly and adequately protect the interests of the class she seeks to have certified, her fraud claims are common and typical to the class defined herein.

102. JAMIKA SMITH-CHESTER has retained experienced class counsel, including retaining, Curtis C. Warner.

103. Whether KRATOCHVIL filing a "COUNT II CONVERSTION OF COLLATERAL" on behalf of his used car clients amounts to fraud, fraud upon the court, predominates over any other issues.

104. A class action is an appropriate method for the fair and efficient adjudication of this controversy more than likely none of the class members know that their rights are being violated by KRATOCHVIL.

**WHEREFORE,** JAMIKA SMITH-CHESTER requests this Honorable court to enter judgment against KRATOCHVIL on Count III as follows:

A. Actual damages and costs of suit;

B. Disgorgement of monies from RPM in any amount obtained by KRATOCHVIL in relation to COUNT II CONVERSTION OF COLLATERAL" including all pre and post judgment interest

C. To certify the proposed class in Count III, including with any modifications deemed appropriate by the Court;

D. Appoint JAMIKA SMITH-CHESTER as the class representative;

E. Appoint Mr. Warner and Mr. Evanchek as counsel for the certified class;

F. And award JAMIKA SMITH-CHESTER a reasonable incentive award for serving as the class representative

# COUNT IV
# WRIT OF SUPERINTENDING CONTROL
# JUDICIAL DISTRICT COURTS

105.   Paragraphs 1-53ddd and 56-59 are incorporated herein.

106. Count IV is brought against 54A JUDICIAL DISTRICT COURT, in its official capacity and on behalf of a Defendant class of MICHIGAN JUDICIAL DISTRICT COURTS, pursuant to MCR 3.501(I).

107. JAMIKA SMITH-CHESTER, on behalf of other similarly situated persons whom had a default judgment entered against them involving a "COUNT II CONVERSTION OF COLLATERAL" filed by KRATOCHVIL on behalf of RPM, and perhaps other car dealership clients, seeks a writ of superintending control cover the MICHIGAN JUDICIAL DISTRICT COURTS to vacate all default judgments obtained by KRATOCHVIL on behalf of RPM, and perhaps other car dealership clients, involving a "COUNT II CONVERSTION OF COLLATERAL".

108. JAMIKA SMITH-CHESTER, on behalf of other similarly situated persons seeks a writ of superintending control cover the MICHIGAN JUDICIAL DISTRICT COURTS enjoining the MICHIGAN JUDICIAL DISTRICT COURTS from entering any future default judgments in cases filed by KRATOCHVIL on behalf of RPM, and any other car dealership clients, alleging conversion of an automobile sold by the dealership to the debtor.

109. The Supreme Court of Michigan shall have general superintending control over all courts; power to issue, hear and determine prerogative and remedial writs. Mich. Const. Art. VI § 4.

110.   The default judgments obtained KRATOCHVIL on behalf of RPM, and perhaps other car dealership clients, involving a "COUNT II CONVERSTION OF COLLATERAL" should be vacated as the fraud upon the court was material to the disputed action of the court and unfairly resulted in a default judgment of three times the actual damages that KRATOCHVIL car dealership clients could obtain as a matter of law.  *See James v. James,* 57 Mich. App. 452, 455, 225 N.W.2d 804, 806 (1975) (*citing Berg v Berg,* 336 Mich 284; 57 NW2d 889 (1953); *Baum v Baum,* 20 Mich App 68; 173 NW2d 744 (1969)).

111.   This is an independent action of the underlying judgments under MCR 2.612(C)(3) and:

> (1) the judgment is one that ought not, in equity and good conscience, be enforced, (2) there is a valid defense to the alleged cause of action on which the judgment is founded, (3) fraud . . . prevented the defendant from obtaining the benefit of the defense, (4) there was no negligence or fault on the part of the defendant, and (5) there is no adequate remedy available at law.

*Trost v Buckstop Lure Co, Inc*, 249 Mich App 580, 589; 644 NW2d 54 (2002).

112.   Michigan Court Rule, MCR. 2.116(I)(1) mandates the JUDICIAL DISTRICT COURT judge to *sua sponte* dismiss a frivolous complaint, a "pleading" under MCR 2.110(A)(1):

> [i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court **shall** render judgment without delay.

MCR 2.116(I)(1) (emphasis added); *see also Progress Mich. v. AG*, 506 Mich. 74, 108, 954 N.W.2d 475, 491 (2020) ("'shall' is 'mandatory and imperative'"); *see also Frey v. Trinity Health-Michigan,* No. 359446, 2021 Mich. App. LEXIS 6988, at *1, 21 (Ct. App. Dec. 10, 2021) ("dismissing [the plaintiff's] complaint *sua sponte*, with no notice and no opportunity to respond" after a hearing on the plaintiff's "motion for emergency order to show cause why a preliminary injunction should not issue directing defendants to administer ivermectin[.]")

113.    In the event a defendant fails to file an answer or otherwise plead, the JUDICIAL DISTRICT COURT clerk "must enter the default", MCR 2.603(A)(1), ***but*** the JUDICIAL DISTRICT COURT clerk has discretion to determine whether to enter a default judgment.  MCR 2.603(B)(2) (emphasis added) ("the clerk ***may*** sign and enter a default judgment[.]"); *Key W. Assocs. v. Thirty-Seventh Dist. Court*, No. 299109, 2012 Mich. App. LEXIS 1279, at *2 (Ct. App. June 28, 2012) ("MCR 2.603(B)(2) was unambiguous, that defendant's [district court] clerk could schedule entry of judgment for a hearing rather than being required to enter a default judgment"); *see also Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008) (the term "may" is discretionary, not mandatory).

114.    However, "[w]hen a defendant fails to respond to a complaint, a plaintiff may seek a default judgment. In many cases, default judgments are entered by clerks with ***no review by a judge***."  Michigan Justice for All Commission, Report

& Recommendation, Advancing Justice for All in Debt Collection Lawsuits, p. 49

(citing Mich. Ct. R. 2.603(A)) (emphasis added) *available at*

https://www.courts.michigan.gov/4ac33d/siteassets/reports/special-

initiatives/justice-for-

all/jfa_advancing_justice_for_all_in_debt_collection_lawsuits.pdf

115. Given form SCAO MC07a, the amount of damages, costs, fees, interest and total judgment amount are filled out the law firm, it thereby leaves the clerk to acting in a ministerially function, without discretion, simply to sign and date both the DEFAULT ENTRY, DEFAULT JUDGMENT and CERTIFICATE OF MAILING, contrary to the discretionary language provided in MCR 2.603(B)(2).

116. Despite the institutional safeguards of MCR 2.116(I)(1) and MCR 2.603(B)(2), which should result in a *sua sponte* dismissal of "COUNT II CONVERSTION OF COLLATERAL", just like the imaginary frivolous complaint example above in paragraph 1, the JUDICIAL DISTRICT COURTs have failed to protect JAMIKA SMITH-CHESTER, a financially distressed consumer, and other similarly situated finically distressed consumers, from being preyed on by attorneys, such as KRATOCHVIL, who disregard their ethical duty under MCR 1.109(E)(5), that "the [complaint] is well grounded in fact and is warranted by existing law", and exploit the JUDICIAL DISTRICT COURT's systematic failure to follow the Michigan Court Rules, resulting in default judgments being entered, *see e.g.*

(Appendix 2), on a frivolous claim, the owner of an automobile knowingly converting their own car which entitled the used car plaintiff to treble damages.

117.    The JUDICIAL DISTRICT COURT's failure to follow the institutional safeguards of MCR 2.116(I)(1) and MCR 2.603(B)(2), has a desperate impact on minorities in Michigan, like JAMIKA SMITH-CHESTER, to the benefit of attorneys like KRATOCHVIL and those attorneys' clients, here a predatory company like RPM:

• While debt collection cases are filed across the state, more cases are filed against low- and moderate-income Michiganders.

• Default judgments are entered in almost 70% of debt collection cases after service is recorded as complete.

• Racial disparities exist with debt collection litigation.

– The filing rate against people living in majority Black communities is two to three times higher than case filings against people living in majority non-Hispanic White communities. While the filing rate decreases with increasing income for people living in majority White communities, the filing rate remains fairly consistent across incomes for people living in majority Black communities.

– People living in majority Black communities are also more likely to have cases filed against them dismiss for failure to serve. Once service was recorded as completed, however, people living in majority Black communities were more likely to have a default judgment in their case.

• Once a judgment is entered, the judgment creditors seek garnishments in 78% of cases.

• Creditors are almost always represented in debt collection cases, but consumers are rarely represented. Legal aid providers lack the resources to offer full representation in the vast majority of cases. When a consumer is

represented by counsel, their case is 10 times more likely to be dismissed with prejudice and twice as likely to reach a settlement.

Michigan Justice for All Commission, Report & Recommendation, Advancing Justice for All in Debt Collection Lawsuits, p. 2. *available at* https://www.courts.michigan.gov/4ac33d/siteassets/reports/special-initiatives/justice-for-all/jfa_advancing_justice_for_all_in_debt_collection_lawsuits.pdf

118.   There are questions of law and fact common to the class that predominate over any questions affecting only individual class members, being whether KRATOCHVIL filing a "COUNT II CONVERSTION OF COLLATERAL" amounts to fraud upon the court that the JUDICIAL DISTRICT COURTS' clerks ratified by administratively signing the SCAO form MC07a simultaneously entering a default and a default judgment on COUNT II CONVERSTION OF COLLATERAL", converting one's own automobile.

119.   54A JUDICIAL DISTRICT COURT, in its official capacity, will fairly and adequately protect the interests of the Defendant class of MICHIGAN JUDICIAL DISTRICT COURTS, pursuant to MCR 3.501(I)(2).

120.   Whether KRATOCHVIL filing a "COUNT II CONVERSTION OF COLLATERAL" on behalf of his used car clients amounts fraud upon the court and the 54A JUDICIAL DISTRICT COURT, in its official capacity, and on behalf of Defendant class of JUDICIAL DISTRICT COURTS who administratively signing

the SCAO form MC07a simultaneously entering a default and a default judgment on COUNT II CONVERSTION OF COLLATERAL", converting one's own automobile, likewise predominates over any other issues.

121. A class action is an appropriate method for the fair and efficient adjudication of this controversy more than likely none of the class members know that their rights were violated.

**WHEREFORE,** JAMIKA SMITH-CHESTER requests this Honorable Court to enter a writ of superintending control over the 54A JUDICIAL DISTRICT COURT, in its official capacity, and on behalf of a Defendant class of JUDICIAL DISTRICT COURTS:

A. Requiring the lower courts to vacate all default judgments where KRATOCHVIL on behalf of RPM and other car dealership clients plead a "COUNT II CONVERSTION OF COLLATERAL"; and

B. Enjoin the lower courts from entering any future default judgments in cases filed by KRATOCHVIL on behalf of RPM and any other car dealership clients, alleging a count for conversion of an automobile sold by the dealership to the debtor.

Respectfully submitted,
/s/ Curtis C. Warner

Curtis C. Warner

Curtis C. Warner (P59915)
85 Denison Parkway E. #186
Corning, NY 14830
Tel: (607) 438-3011
cwarner@warner.legal

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com