UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMIKA SMITH-CHESTER (neé) SMITH, individually and on behalf of similarly situated persons,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KRATOCHVIL LAW, P.C. f/k/a KRATOCHVIL & CHIMKO, P.C. f/k/a CHIMKO & ASSOCIATES, P.C.; and BRENT M. KRATOCHVIL,<br><br>　　　　　Defendants. | Case No. 23-cv-10664<br><br>Hon. Johnathan J.C. Grey<br><br>Magistrate Judge<br>Kimberly G. Altman |

**PLAINTIFF'S UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL
OF THE PARTIES' CLASS ACTION SETTLEMENT**

NOW COMES Plaintiff Jamika Smith-Chester, through her counsel, and without opposition by Defendants to the entry of the proposed preliminary approval order, hereby moves this Honorable Court for the entry of an order preliminarily approving the class action settlement of this action between Plaintiff on one hand and Defendants Kratochvil Law, P.C., and Brent M. Kratochvil on the other.

A copy of the parties' executed Agreement is attached as Exhibit A, with the proposed preliminary approval order as Appendix 1 and the proposed direct notice to the class as Appendix 3, attached thereto.

WHEREFORE the reasons stated herein, Ms. Smith-Chester requests this Honorable Court to grant preliminary approval of the class settlement agreement and enter the proposed order, <u>Appendix 1</u>, which in part, directs notice to the class to be mailed to the settlement class members in the form of <u>Appendix 3</u>, with any modifications deemed necessary by the Court.

**PLAINTIFF'S MEMORANDUM IN SUPPORT
OF CLASS ACTION SETTLEMENT**

**QUESTION PRESENTED**

Whether the Court should grant preliminary approval of the Parties' class action settlement?

**CONTROLLING AUTHORITY**

Fed. R. Civ. P. 23(a)(1)-(4); Fed. R. Civ. P. 23(e), (g); *UAW v. GMC*, 497 F.3d 615 (6th Cir. 2007).

**ARGUMENT**

Before approving a settlement that would bind the class members, a district court must conclude that the settlement is within the range of what is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). This determination is based on:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

See *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007).

2

Of these factors above, the most important factor "is the probability of success on the merits. The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 245 (6th Cir. 2011) (*quoting In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984)). Here the Court has denied Defendants motion to dismiss the Complaint, ECF No. 43, an indicia that more than likely Plaintiff would be successful on the merits of her claims.

When parties to a class action move for preliminary (as opposed to final) approval, "[t]he hearing on the motion is not a 'fairness hearing'; its purpose is to determine whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Schulte v. Fifth Third Bank,* 2010 WL 8816289 at *2 (N.D. Ill. Sept. 10, 2010). Thus, "at the preliminary approval stage, the extent of the district court's inquiry into the appropriateness of class certification and the reasonableness of the settlement terms depends, as it must, on the circumstances of the individual case. Where the size of the class is small, the cost of notice minimal, and the issues discrete, the court may be able to determine that class certification is proper and the settlement is 'within the range of possible approval' with minimal fuss." *In re NCAA Student-Athlete Concussion Injury Litig.,* 2016 WL 305380 at *6 (N.D. Ill. Jan. 26, 2016); *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982) (at the preliminary approval stage, the Court's analysis

3

should focus on whether the settlement falls "within the range of possible approval," rather than on making a final determination of fairness.)

I.   **Background**

On March 22, 2023, Ms. Smith-Chester filed the Complaint captioned *Smith-Chester v. Kratochvil Law. P.C. et al.*, 23-cv-10664 (E.D. Mich.) the ("Litigation") against Defendants, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Michigan Regulation of Collection Practices Act ("RCPA") and related laws.

On May 12, 2023, Defendants filed a motion to dismiss Plaintiff's Complaint and compel arbitration, alternatively to dismiss Plaintiff's Complaint under Rule 12(b)(6) arguing that Plaintiff failed to state a claim as pled Plaintiff did not net forth sufficient allegations which would render legal culpability on any of the claims alleged. ECF No. 16, PageID.341-342.

On March 29, 2024, the Court entered an Order denying Defendant's motion to compel arbitration and dismiss. ECF No. 43

II.   **Settlement Negotiations**

On June 10, 2024, and July 10, 2024, the Parties, by and through their counsel, attended settlement conferences facilitated by Magistrate Judge Altman, and discussed potential terms settling the Litigation on a class basis. The parties further negotiated and compromised upon issues related to the form of the notice that would

4

be provided to the class and selection of a Class Administrator. "There is usually an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval." 4 Newberg on Class Actions § 11:41; *see also Schulte,* 2010 WL 8816289 at *4 n. 5.

"Federal courts look with great favor upon the voluntary resolution of litigation through settlement" applies with "particular force regarding class action lawsuits." *Airline Stewards and Stewardesses Ass'n, Local 550 v. Trans World Airlines, Inc.*, 630 F. 2d 1164, 1167 (7th Cir. 1980). "Courts also encourage parties to settle class actions early, without expending unnecessary resources." *McCue v. MB Fin., Inc.,* 15-cv-988, 2015 U.S. Dist. LEXIS 96653 * 9 (N.D. Ill. July 23, 2015) (*citing Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 U.S. Dist. LEXIS 144327, 2013 WL 5492998, at *5 (S.D.N.Y. Oct. 2, 2013) ("early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere").

**III.    The Settlement Class**

The parties have agreed that the Settlement Class is defined as:

> All persons whom KRATOCHVIL on or after March 22, 2022, filed a form complaint in in a JUDICIAL DISTRICT COURT, on behalf of any car dealership, that contained a "COUNT II CONVERSION OF COLLATERAL".

Defendants represent that there are 221 persons that comprise the Settlement Class as defined above.

The Settlement Class meets the requirements of Rule 23(a) in a settlement context because: (1) the 221 settlement class members are too numerous to be joined; (2) class members share a common interest in seeking redress for Defendants assertion in form state court complaints, "COUNT II CONVERSION OF COLLATERAL", the statutory conversion of the consumer's own automobile; (3) Plaintiff's claims for violations of the FDCPA are typical of the Settlement Class Members' interest in pursuing monetary damages for their claims; and (4) the Class Representative is adequate because she has no interests antagonistic to the Class's interests and is represented by experienced counsel.  Furthermore, the Settlement Class meets the requirements of Rule 23(b)(3) in a settlement context.

**1.     Joining all members of the Class is impracticable.**

Rule 23(a)(1) requires that "the class [be] so numerous that joinder of all members is impracticable."  This case meets that requirement, as Defendants have identified approximately 40 persons potential Class Members.  Numbers alone are not dispositive when the numbers are small, but will dictate impracticability when the numbers are large. H. Newberg and A. Conte, 1 Newberg on Class Actions, § 3.05 (3rd ed. 1992).

Here, the putative class members are debtors whom Defendants, on behalf of their automobile dealership clients, filed a form state court complaint that in addition to a breach of contract on a retail installment contract for the purchase of an automobile also alleged "COUNT II CONVERSION OF COLLATERAL". Defendants represent that there are 221 persons in total that meet the settlement class definition. 221 class members is sufficient to establish numerosity.

### 2. There are questions of law and fact common to the Class

Rule 23(a)(2) requires that there be questions of law *or* fact common to the class. This in turn means that class members' claims "must depend upon a common contention." *Wal-Mart Stores Inc. v. Dukes,* 564 U.S. 338, 350 2551 (2011). Here the proposed class meets the commonality requirement as the common issues of law predominate based upon a common nucleus of operative facts: whether Defendants alleging in a state court complaint, "COUNT II CONVERSION OF COLLATERAL", the statutory conversion of one's own automobile violated the FDCPA. The proposed class definition describes a standardized conduct and presents a common issue of law that is applicable the proposed class members. *See Macy v. GC Services, L.P.,* 897 F.3d 747, 761-762 (6th Cir. 2018).

### 3. Plaintiff's Claims Are Typical of Those of the Proposed Class

Rule 23(a)(3) requires that the "claims . . . of the representative parties [be] typical of the claims . . . of the class." Commonality and typicality requirements

7

under Rule 23 are interrelated and often merge. *Dukes*, 131 S. Ct. at 2551. A "'plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (*quoting* 1 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 3:13 (4th ed. 2008)). In this case, typicality is apparent from the class definition demonstrating a standardized conduct of using a form state court complaint that in addition to a breach of a retail installment contract, the Defendants added COUNT II CONVERSION OF COLLATERAL", the statutory conversion of one's own automobile.

### 4. Plaintiff and Class Counsel Will Fairly and Adequately Protect The Interests of the Proposed Class

The adequacy of representation requirement is satisfied because Plaintiff's interests are co-extensive with, and not antagonistic to, the interests of the Settlement Class and because Plaintiff has an interest in this case via his individual FDCPA claim for money damages against Defendant. *See Dukes,* 131 S.Ct. 2541, 2551 (citations omitted). Rule 23(g) provides guidance on the factors the court is to examine in appointing class counsel. Fed. R. Civ. P. 23(g). In demonstrating that Curtis C. Warner and John A. Evanchek meet the requirements of Rule 23(g), Mr. Warner, Exhibit B, and Mr. Evanchek, Exhibit C, are submitting their declarations in support of their adequacy. The Seventh Circuit Court of Appeals has noted that, "Curtis Warner [is]

an [Fair Debt Collection Practice Act] FDCPA specialist." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 855 (7th Cir. 2009). Mr. Warner has demonstrated his dedication to Rule 23 requirements in achieving a fair, reasonable, and adequate settlement successfully representing objectors who objected to the low value of the compensation to the class. *See Redman v. Radioshack Corp.*, 768 F.3d 622 (7th Cir. 2014).

Mr. Warner has specifically been found to meet the adequacy requirement under Rule 23(a)(4) in challenged class certification motions. *Cavin v. Home Loan Center, Inc.*, 236 F.R.D 387, 395 (N.D. Ill. 2006) ("The Court finds that Mr. Warner [is]. . . 'experienced, competent, qualified and able to conduct the litigation vigorously'"). *Id.* at 395; *Mussat v. Global Healthcare Resource, LLC,* 2013 U.S. Dist. LEXIS 35107 * 13 (N.D. Ill. Mar. 13, 2013) (noting that the defendant did not challenge Mr. Warner's adequacy and finding, "class counsel has significant experience bringing class-action claims").

Mr. Evanchek has been co-counseling FDCPA cases with Mr. Warner in the Eastern District of Michigan.

### 5. Rule 23(b)(3)'s Requirements are Satisfied

Class certification is appropriate under Rule 23(b)(3) where (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the

9

controversy. Fed. R. Civ. P. 23(b)(3); *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 535 (6th Cir. 2008). Both of these requirements are satisfied in the present case. The common question of whether a standardized conduct of using a form state court complaint that in addition to a breach of a retail installment contract, the Defendants added COUNT II CONVERSION OF COLLATERAL", the statutory conversion of one's own automobile, predominates over any individual issues. Furthermore, a class action is the superior means of resolving these issues, as the alternative would be an excess of additional lawsuits all raising identical allegations.

### A.     Predominance

Rule 23(b)(3) is met when "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3)'s "predominance" inquiry tests "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc*, 521 U.S. at 623. "The predominance requirement is met if this common question is at the heart of the litigation." *Powers v. Hamilton County Public Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) (*citing Am. Med. Sys.,* 75 F.3d at 1080)).

The predominance requirement is met when a common factual link between the class members and defendants under which the law requires a remedy exists. *Smith v. Nike Retail Servs. Inc*. 234 F.R.D. 648, 666 (N.D. Ill. 2006); 7A Charles Alan Wright,

10

et al., *Federal Practice and Procedure* § 1778, at 528 (2d ed. 1986) (Predominance is met "when common questions represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for having the dispute on a representative rather than on an individual basis"). In this case, the common issue relates to whether a standardized conduct of using a form state court complaint that in addition to a breach of a retail installment contract, the Defendants added COUNT II CONVERSION OF COLLATERAL", the statutory conversion of one's own automobile, violates the FDCPA. This is an issue which can be resolved on a class basis in one stroke.

### B. Superiority

"Consumer claims are among the most commonly certified for class treatment, given the difficulty of bringing such claims individually and the common questions that are often involved." *Cavin*, 236 F.R.D. at 395 – 396 (*citing Murray v. New Cingular Wireless Svc.,* 232 F.R.D. 295, 303 (N.D. Ill. 2005); *In re Mex. Money Transfer Litig.,* 267 F.3d 743, 747 (7th Cir. 2001); *Amchem Products,* 521 U.S. at 625. "[C]lass litigation is the superior method of adjudication." *Daffin v. Ford Motor Co.*, 458 F.3d 549, 554 (6th Cir. 2006). Furthermore, "Rule 23(b)(3) was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Murray v. GMAC Mortgage Corp.,* 434 F.3d 948, 953 (7th Cir. 2006) (*citing Mace v. Van Ru Credit Corp.*, 109 F.3d 344-

11

45 (7th Cir. 1997)); *Jackson*, 227 F.R.D. at 290 ("A class action is superior [under Rule 23(b)(3)] where potential damages may be too insignificant to provide class members with incentive to pursue a claim individually"). The class action mechanism overcomes the problem of small incentives by making worth the attorney's time to prosecute such small matters on a class basis. *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625 (6th Cir. 2005) (*quoting Amchem Products*, 521 U.S. at 617).

**IV.     The Settlement Agreement**

After considering the benefits that the Class will receive under this Settlement Agreement, including notice of the Defendants' alleged wrongdoing, and the possible delays or other outcomes that could result, this settlement, the notice to the class Member provides sufficient value for the Class member to evaluate, opt-out and pursue their own claims against Defendants if they so choose, places this settlement within the spectrum of a fair, reasonable and adequate class settlement. Additionally, the proper state and federal authorities are to receive notice of the settlement in the form required by the Class Action Fairness Act, 28 U.S.C. § 1715, who may object to the settlement.

The Parties desire to settle the action based upon the terms and conditions set forth in the Settlement Agreement executed by the Parties, attached hereto as <u>Exhibit A</u>, for the Court to enter the proposed preliminary approval order, attached to the

Agreement as Appendix 1, and approve the proposed notice to the class, Appendix 3, with any modifications required by the Court.

Counsel for Plaintiff has reviewed and analyzed the legal and factual issues presented in this action, and have weighed the benefit to the class members against the risks and expense involved in pursuing the litigation to conclusion, the protracted nature of the litigation and the likelihood, costs and possible outcome of one or more procedural and substantive appeals extending the resolution of this litigation, and the benefit of the Michigan Attorney General being notified under CAFA. Based on their review and analysis, Plaintiff and Defendants entered into the Settlement Agreement.

Pursuant to the Settlement Agreement, Defendants shall pay relief in settlement of the claims asserted in this Lawsuit as follows:

a. Recovery to the Settlement Class: To pay the claims of the Settlement Class who timely submit a claim form, and subject to Court approval, Defendants, will pay from a Settlement Fund $3,500 (three thousand five hundred dollars) ("Class Recovery"), a *pro rata* amount. If 10% of the class members submit a timely claim form, each of those persons will receive a check for $159. The Settlement Fund of $3,500.00, is roughly 1% of the net worth of Defendant Kratochvil Law, P.C., as represented by Defendants. Defendant Kratochvil Law, P.C.'s representation as to its net worth is material.

b.  Return of Monies Paid on COUNT II CONVERSION OF COLLATERAL.  Defendants represent that one settlement class member has paid $468.50 above the breach of contract claim and associated costs, of which that amount shall be paid by Defendants to the one settlement class member. Defendants' representation as to the number of persons and the amount paid on COUNT II CONVERSION OF COLLATERAL by the settlement class is material.

c.  Relief to Plaintiff.  Separate of the Class Recovery, and subject to Court approval, Defendants, will pay $4,500 (one thousand dollars) to Plaintiff as her FDCPA damages and as an incentive award for bringing the claims on behalf of the Settlement Class.  The award sought should be viewed in light of Defendants' egregious conduct, and its counsel labeling Ms. Chester-Smith a criminal, and one of her attorneys, Mr. Evanchek, her accomplice in a conspiracy. ECF No. 31, PageID.727.  Additionally,  but for Ms. Chester-Smith brining this class action and not making any "token settlement demand" as requested by Defendants, no class wide relief could be possible.  $4,500 is within the range of a fair, reasonable and adequate amount to be awarded to the named plaintiff.  *See e.g. Kimble v. First Am. Home Warranty Corp.*, No. 23-10037, 2024 WL 220369, at *2 (E.D. Mich. Jan. 19, 2024) ($5,000); *Gross v. Wash. Mut. Bank, F.A.*, 02 CV 4135, 2006 U.S. Dist. LEXIS 16975 * 15-19 (E.D.N.Y. Feb. 8, 2006) ($5,000); *see also Jallo v. Resurgent Capital Servs.,* L.P., 4:14-cv-00449, 2017 U.S. Dist. LEXIS 137294 * 6, 2017 WL

914291 (E.D. Tex. Mar. 17, 2017) ($1,000 in statutory damages, $4,000 incentive award); *see also Tait v. BSH Home Appliances Corp.*, Case No.: SACV 10-0711-DOC (ANx), 2015 U.S. Dist. LEXIS 98546 * 46-48, 2015 WL 4537463 (C.D. Cal. July 27, 2015) (same).

    d.   Costs of Class Administration. Separate from the Recovery of the Settlement Class, Defendants shall pay for all costs related to the Class Administrator for its services including but not limited to sending of the Notice of Class Action Settlement to the Settlement Class, processing claims, providing affidavits, and distribution of the checks referred to in this Agreement. Within 30 days of the entry of the Preliminary Approval Order, the Class Administrator shall send the Class Notice in the form of <u>Appendix 3</u>, with any modifications by the Court, or formatting changes by the Class Administrator. The parties have agreed on an independent Class Administrator, CyberData, Inc., d/b/a Class-Settlement.com, Claims Administrator, P.O. Box 9009, Hicksville, NY 11082-9009

    d.   Attorneys' Fees and Costs. Separate of the Class Recovery and Plaintiff's Recovery and subject to Court approval, Defendants, through its Insurance Carrier, shall pay Counsel for Plaintiff and the Settlement Class $40,000 (forty thousand dollars) as attorney's fees ("Attorney's Fees"). $40,000 is less than Plaintiff's counsel's Lodestar amount.

    e.   Uncashed Checks: To the extent a check issued to a Settlement Class

15

member is not cashed within 90 days, such funds shall be awarded as *cy pres* to The Michigan State Bar Foundation Access to Justice Fund, subject to the Court's approval.

## V.     The Notice Plan

Direct Notice – Class Members: Notice to the Settlement Class Members shall be provided by direct mail by the Notice and Class Administrator. The Class Administrator, CyberData, Inc., d/b/a Class-Settlement.com, shall give direct notice to each Class Member by sending the Notice of Class Action Settlement (the "Class Notice"), Exhibit 3 to the Class Member's last known address in Defendants' records. Such notice will be mailed by the Class Administrator within 30-days after preliminary approval of the Settlement Agreement. Plaintiff asserts that the proposed direct notice is, "the best notice that is practicable under the circumstances". *See* Fed R. Civ. P. 23(c)(2)(B). Notice is adequate if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 174 (1974). Plaintiff asserts that the proposed class notice satisfies the requirements under *Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008).

Plaintiff and her counsel believe that settlement of this action on the terms and conditions set forth in the Settlement Agreement is within the range of what is fair,

16

reasonable and adequate, and would be in the best interests of the members of the Settlement Class.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

(i) Grant preliminary approval of the parties' Agreement and enter the proposed order attached the Agreement as <u>Exhibit 1</u>, with any modifications by the Court;

(ii) Approves and orders the sending of the direct notice in the form of <u>Exhibit 3</u> attached to the Agreement, with any modifications by the Court to the settlement class members;

(iii) Sets dates for claims to be made, opt-outs, and objections to be submitted, and the petition for attorney's fees as set forth in the proposed order attached the Agreement as <u>Exhibit 1</u>, with any modifications by the Court; and

(iv) Schedules a hearing for final approval of the class settlement, further permitting counsel for the parties and all others to appear via Zoom if so requested.

Respectfully submitted,
s/ Curtis C. Warner
Curtis C. Warner

John A. Evanchek
Curtis C. Warner (Of Counsel)

17

KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com
cwarner@warner.legal
Tel: (607) 438-3011 (Dir.)

## CERTIFICATE OF SERVICE

I hereby certify that on **August 2, 2024,** I filed electronically via the ECF system the foregoing paper which will automatically send notice via email to the attorneys of record for Defendants who have appeared in this case:

David M. Saperstein
MADDIN HAUSER ROTH & HELLER, P.C.
One Towne Square
5th Floor
Southfield, Michigan 48076
(248) 827-1885
dsaperstein@maddinhauser.com

>Respectfully submitted,
>s/ Curtis C. Warner

John A. Evanchek
Curtis C. Warner (*Of Counsel*)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com
cwarner@warner.legal
Tel: (607) 438-3011 (Dir.)