# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMIKA SMITH-CHESTER,
individually and on behalf of
similarly situated persons,

    Plaintiff,

Case No. 23-10664
Hon. Jonathan J.C. Grey

v.

KRATOCHVIL LAW, P.C. et al.,

    Defendants.

_____/

## JUDGMENT

The above-entitled matter having come before the Court, the Honorable Jonathan J.C. Grey, United States District Judge, presiding, and in accordance with the Order granting final approval of the settlement and granting Plaintiff Jamika Smith-Chester's motion for a plaintiff's award and attorney's fees (ECF No. 63);

**THE COURT FINDS AND ORDERS AS FOLLOWS:**

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the settlement agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all parties thereto, including the claims of the settlement class.

3. The Court hereby approves the settlement, including the plans for implementation and distribution of the settlement relief, and finds that the settlement is, in all respects, fair, reasonable and adequate to the settlement class members, within the authority of the parties and the result of extensive arm's-length negotiations. The parties shall effectuate the settlement agreement in accordance with its terms. The settlement agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

4. There were zero objections and zero opt-outs.

5. The final settlement class, which will be bound by this Final Approval Order and Judgment, shall include all members of the settlement class who did not submit timely and valid requests to be excluded from the settlement class.

6. The Court approves the settlement of the settlement class of 221 persons defined as:

> All persons whom KRATOCHVIL on or after March 22, 2022, filed a form complaint in a JUDICIAL DISTRICT COURT, on behalf of any car dealership, that contained a "COUNT II CONVERSION OF COLLATERAL".

7. The Court finds that the plan for notice set forth in the settlement agreement and effectuated pursuant to the preliminary approval order was the best notice practicable under the circumstances. It provided due and sufficient notice to the settlement class of the pendency of the action, of certification of the settlement class for settlement purposes only, of the existence and terms of the settlement agreement, and of the final approval hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

8. The settlement agreement is, in all respects, within the range of being fair, reasonable, and adequate, is in the best interests of the settlement class, and is therefore approved.

9. All persons who have not made their objections to the settlement in the manner provided in the settlement agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

10. The cash distributions provided for in the settlement agreement shall by the claims administrator to all settlement class members who did not opt-out and timely returned a claim form to the class administrator pursuant to the terms and conditions of the settlement agreement.

11. The defendants shall automatically cause the class administrator to send a check in the exact amount of monies any settlement class member paid as of the date of the Court's entry of the Final Approval Order towards COUNT II CONVERSION OF COLLATERAL, monies above the breach of contract claim asserted in COUNT I of the defendants' state court complaints.

12. One settlement class member had paid monies towards the judgment on a Count II, Conversion of Collateral, and that person's money will be returned to them; $486.50 according to the defendants' records.

13. The defendants shall receive the releases as follows:

(A) Plaintiff's Release. Upon the effective date, Smith-Chester, on behalf of herself, her predecessors, successors, assigns, and beneficiaries, will have fully and finally released the

        defendants and their respective heirs, employees, attorneys, insurers, RPM Auto Sales, Inc., and agents from any and all claims that exist as of that date that were or could have been raised in the litigation; and

   (B)    The Settlement Class's Release. Upon the effective date, the settlement class members, on behalf of themselves, their predecessors, successors, assigns, and beneficiaries, will have fully and finally released the defendants and their respective heirs, employees, attorneys, car dealership clients with whom the respective settlement class member entered into a retail installment contract with, insurers and agents from any and all claims that exist as of that date that were raised in the litigation.

14.    The Court hereby grants Smith-Chester's counsels' request for an award of reasonable attorney's fees and costs in the amount of $40,000 (forty thousand dollars). This amount is to be paid in accordance with the settlement agreement.

15.    The Court further grants the application for Smith-Chester's damages and incentive award in the amount of $4,250 (four thousand two

5

hundred fifty dollars). This amount is to be paid by the defendants separately from the settlement fund.

    16.    Due to the defendants' belated sending of the CAFA notice to the proper state and federal authorities, Defendants have agreed to pay, in addition to the monies above, $200 in interest and $850 in attorney's fees. The Court will order this agreed upon additional payment to Smith-Chester's counsel.

    17.    Except as otherwise provided in this Final Approval Order, the parties shall bear their own costs and attorney's fees.

    18.    The Court shall retain jurisdiction of this matter after the effective date and enter such orders as are necessary or appropriate to the effectuate the terms of the agreement, including the distribution of any *cy pres*.

    19.    Subject to the express retention of jurisdiction set forth in the paragraph above, this case is **DISMISSED WITH PREJUDICE**.

    **SO ORDERED.**

<u>**s/Jonathan J.C. Grey**</u>
Jonathan J.C. Grey
Date: April 30, 2025    United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 30, 2025.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager